Bar Docket No. 06885

In the Matter of WILLIS BOYD EVANS, JR., *Respondent.*
(935 P.2d 1041)

In a letter dated April 11, 1997, to the Clerk of the Appellate Courts, respondent Willis Boyd Evans, Jr., of Wichita, an attorney admitted to practice law in the state of Kansas, voluntarily surrendered his license to practice law in Kansas, pursuant to Supreme Court Rule 217 (1996 Kan. Ct. R. Annot. 223).

On January 18, 1991, respondent was suspended from the practice of law by this court and placed on probation for 2 years. *In re Evans*, 248 Kan. 176, 804 P.2d 344 (1991). On May 7, 1993, respondent, having complied with the conditions imposed by the court, was discharged from probation. *In re Evans*, 253 Kan. 21, 858 P.2d 337 (1993).

At the time respondent surrendered his license, case No. 78,373 was set on this court's docket for April 18, 1997. In that case, the report filed by a hearing panel for the Kansas Board for Discipline of Attorneys recommended that respondent be indefinitely suspended as a result of violating the Model Rules of Professional Conduct in connection with his representation of four separate clients. Also at the time respondent surrendered his license, in addition to case No. 78,373, there were three other complaints which were being investigated by the Disciplinary Administrator's office. Those complaints contained allegations of dilatory handling of client affairs, failing to properly communicate with clients, and misappropriation of client funds.

This court, having examined the files of the office of the Disciplinary Administrator, finds that the surrender of respondent's license should be accepted and that respondent should be disbarred.

IT IS THEREFORE ORDERED that Willis Boyd Evans, Jr., be and he is hereby disbarred from the practice of law in Kansas, and his license and privilege to practice law are hereby revoked.

IT IS FURTHER ORDERED that the Clerk of the Appellate Courts strike the name of Willis Boyd Evans, Jr., from the roll of attorneys licensed to practice law in Kansas.

IT IS FURTHER ORDERED that this order shall be published in the Kansas Reports, that the costs herein shall be assessed to respondent, and that respondent forthwith shall comply with Supreme Court Rule 218 (1996 Kan. Ct. R. Annot. 226).